IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ROBERT LEE SMITH,                    :
                                     :
              Plaintiff,             :
                                     :
      V.                             :
                                     :        NO. 3:24-cv-00104-CDL-CHW
MIKE CLEVELAND, *et al.*,            :
                                     :
              Defendants.            :
                                     :
_____     :

## ORDER

Plaintiff Robert Lee Smith, who is currently in the Hart County Jail in Hartwell, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  ECF No. 6.  Thereafter, Plaintiff was granted leave to proceed *in forma pauperis* and ordered to pay an initial partial filing fee.  ECF No. 7.  Plaintiff has now paid the initial partial filing fee, and thus, his complaint is ripe for preliminary review.  On that review, Plaintiff will be permitted to proceed for further factual development on his claim for excessive force against Defendants Mike Cleveland, Deputy Stephen Williams, Deputy Kenneth Dutton, Deputy Joshua Fowler, Deputy Jared Banister, and Deputy Tyler Henley.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.  *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C.

§ 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court generally must accept factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts

2

"to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Factual Allegations

In his complaint, Plaintiff asserts that he was involved in a police chase in Lavonia, Georgia, on October 24, 2023. ECF No. 1 at 5. The chase ended after Georgia State Patrol Officer Mike Cleveland authorized a deputy to force Plaintiff off the road into a concrete wall, after which Plaintiff surrendered and was put in handcuffs. *Id.* While Plaintiff was in handcuffs, Deputies Stephen Williams, Kenneth Dutton, Joshua Fowler, Jared Banister, and Tyler Henley punched Plaintiff multiple times and kicked him in the face while asking Plaintiff why he did not stop. *Id.*

III.   Plaintiff's Claim

Plaintiff's allegations raise a potential claim for excessive force against the defendants. "The Fourth Amendment's freedom from unreasonable searches and seizures

3

encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002).    Although the right to use some degree of force comes with the right to make an arrest, the question is whether the force used was reasonable, which is judged on a case-by-case basis.    *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 737-38 (11th Cir. 2010).

Plaintiff asserts that, in order to end the police chase, Officer Mike Cleveland authorized a deputy chasing Plaintiff to force Plaintiff off the road into a concrete wall.[1] Although it is possible that this use of force was reasonable, at this stage of the proceeding, the Court will accept Plaintiff's allegations as true and construe them in his favor.    Given the potential danger of forcing a car into a concrete wall, there is a possibility that evidence could show the use of force to have been unreasonable, and thus, Plaintiff may proceed for further factual development on his claim that Officer Cleveland authorized the use of excessive force to end the police chase.

Additionally, Plaintiff contends that, once he had surrendered and was put into handcuffs, all of the named deputies punched and kicked Plaintiff.    Accepting this allegation as true, Plaintiff will also be permitted to proceed on his excessive force claim against Deputies Williams, Dutton, Fowler, Banister, and Henley.

---

[1]Because Plaintiff has not alleged any facts to indicate which deputies were involved in the maneuver that forced him off the road, only Officer Cleveland is discussed as to this portion of Plaintiff's excessive force claim.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against **DEFENDANTS MIKE CLEVELAND, DEPUTY STEPHEN WILLIAMS, DEPUTY KENNETH DUTTON, DEPUTY JOSHUA FOWLER, DEPUTY JARED BANISTER, and DEPUTY TYLER HENLEY**, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

5

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

**Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.   This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

7

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court will not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 11th day of March, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

8